Hillsborough County Probate Court
No. 7956

*In re* ESTATE OF AGNES CONSTAN

March 24, 1978

*Joseph J. Betley,* of Manchester, by brief and orally for the administrator.

*David I. Cohen,* of Massachusetts, by brief, for nonresident alien heirs.

PER CURIAM. The question presented is whether nonresident alien heirs are entitled to share in the proceeds when real estate in New Hampshire is sold to pay debts of the estate.

Agnes Constan, a.k.a. Agnes Konstantacopoulos, of Manchester, died intestate on July 1, 1971. The deceased left a sister and eleven nephews and nieces as heirs. Eight of the heirs, including the sister, are aliens living in Communist Poland. An administrator was appointed who, because the personal estate was insufficient to pay the New Hampshire inheritance tax, sold the real estate under a license from the probate court.

He has filed a petition for a decree of distribution in which he seeks to distribute the entire net proceeds of the sale of the realty to the resident heirs in the United States, and none to the nonresident alien heirs. The nonresident alien heirs, who are represented by the Polish Peoples Republic through its New York counselor's office, object. All questions of law were certified to this court under RSA 547:30 by *Copadis,* J.

At common law, aliens were incapable of taking real estate by descent, but this right could be conferred by statute or treaty. There was no treaty in existence between Poland and the United

States on July 1, 1971, which would confer any such rights on the nonresident claimants.

RSA 477:20 provides: "An alien resident in this state may take, purchase, hold, convey or devise real estate; and it may descend in the same manner as if he were a citizen." This statute, however, has been held not to confer any rights on nonresident aliens. *Lazarou v. Moraros*, 101 N.H. 383, 143 A.2d 669 (1958), *Hanafin v. McCarthy*, 95 N.H. 36, 57 A.2d 148 (1948). The claimants do not contest the constitutionality of our statute in not providing for nonresident aliens but ask us to reconsider the decision in the above-cited cases. We are of the opinion, however, that the statute was properly construed in our prior cases. The argument made by the claimants for a contrary ruling is appropriate for the legislature, but not for this court in construing the statute.

Real estate vests in the heirs at the time of death, and because the nonresident heirs could not inherit, they have no interest in the proceeds of the sale of the real estate. Their exclusion from the distribution of those funds is proper.

*Remanded.*